**SO ORDERED.**

**SIGNED this 5th day of February, 2016.**



BENJAMIN A. KAHN
UNITED STATES BANKRUPTCY JUDGE

---

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| Wanda Seay Voncannon, | ) | Case No. 14-10511 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| James R. Davis, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary No. 14-02021 |
| | ) | |
| Wanda Seay Voncannon | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

<u>MEMORANDUM OPINION GRANTING SUMMARY JUDGMENT</u>

THIS ADVERSARY PROCEEDING is before the Court on the Motion for Summary Judgment [Doc. #24] filed by James R. Davis (the "Plaintiff") on December 11, 2015. This Motion for Summary Judgment is unopposed  Plaintiff asks this Court to enter judgment finding that the Defendant remains liable on a consent judgment entered in Wanda Seay Voncannon's

(the "Defendant") previous bankruptcy and that such judgment remains non-dischargeable for purposes of the current bankruptcy. For the reasons set forth below, Plaintiff's Motion for Summary Judgment will be GRANTED.

## Facts[1]

The Defendant filed a previous voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code in this Court on March 10, 2011, Bankr. Case No. 11-10374-C-13-G (the "Prior Bankruptcy"). Plaintiff commenced an adversary proceeding against the Defendant in the Prior Bankruptcy, Adv. Pro. No. 11-2058 (the "Prior AP"), requesting that the Court determine a certain debt to be non-dischargeable under 11 U.S.C. § 523. The parties entered into a consent judgment [Doc. #41] (the "Consent Judgment") entered by the Court on April 19, 2013, and resolving the Prior AP. The Consent Judgment awards a money judgment in favor of the Plaintiff and against the Defendant in the amount of Three Hundred Thousand Dollars ($300,000.00), plus interest accruing thereon at the rate of eight percent (8%) per annum after the date of Judgment until paid, and determines that the money judgment is non-dischargeable under 11 U.S.C. § 523(a)(4) and 523(a)(6). See Consent Judgment, p.4.

## Standard of Review

Summary judgment is appropriate under Rule 56 of the Federal Rules Civil Procedure, made applicable to this adversary proceeding pursuant to Rule 7056 of the Federal Rules of Bankruptcy Procedure, when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. See Fed. R.

---

[1] This Opinion shall constitute the Court's findings of fact and conclusions of law as provided in Rule 52 Fed. R. Civ. Pro., made applicable to this adversary proceeding by Bankruptcy Rule 7052.

Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986).  In considering a motion for summary judgment, a court is required to view the facts and draw reasonable inferences in the light most favorable to the nonmoving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986); Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir.1994), cert. denied, 513 U.S. 813, 115 S. Ct. 67, 130 L.Ed.2d 24 (1994).  The moving party has the burden of establishing that there is an absence of any genuine issue of material fact, and all reasonable inferences must be drawn in favor of the nonmoving party.  Celotex, 477 U.S. at 323, 106 S.Ct. 2548.

## Discussion

Under the doctrine of res judicata, "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action."  Andrews v. Daw, 201 F.3d 521, 524 (4th Cir. 2000) (citing Montana v. United States, 440 U.S. 147, 153, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979)).  "To establish a *res judicata* defense, a party must establish: (1) a final judgment on the merits in a prior suit, (2) an identity of the cause of action in both the earlier and the later suit, and (3) an identity of parties or their privies in the two suits."  Jones v. SEC, 115 F.3d 1173, 1178 (4th Cir.1997) (internal quotation marks omitted), cert. denied, 523 U.S. 1072, 118 S.Ct. 1512, 140 L.Ed.2d 666 (1998).

The Plaintiff has met all three elements of *res judicata* in this case and the Consent Judgment entered in the Prior AP is binding on this Court and the parties.  The Consent Judgment was a final judgment on the merits in the previous suit.  See Keith v. Aldridge, 900 F.2d 736, 740 (4th Cir. 1990) (finding that a consent judgment is a final judgment on the merits for claim preclusion purposes).  There is an identity of the cause of action in that Plaintiff is

bringing the same cause of action as in the Prior AP. Finally, there is an identity of the parties because the parties are the same as in the previous suit.

"Generally, the principle of *res judicata* will bar debtors from discharging debts held to be nondischargeable in a prior case." In re Smith, 401 B.R. 733, 736 (Bankr. D. Md. 2008) (citing Paine v. Griffin (In re Paine), 283 B.R. 33, 37 (9th Cir. BAP 2002) ("In other words, once nondischargeable, always nondischargeable."); Royal American Oil and Gas Co. v. Szafranski (In re Szafranski), 147 B.R. 976, 989 (Bankr. N.D. Okla. 1992) ("Since the nondischargeable character of Royal's debt has already been determined, and is preserved from re-determination or subsequent discharge by 11 U.S.C. § 523(b), there is no need for further evidence on the matter."); Policemen's and Firefighters' Retirement Fund v. Tranter (In re Tranter), 245 B.R. 419, 420 (Bankr. S.D. Fla. 2000) (finding a debt previously held nondischargeable to be nondischargeable in a subsequent bankruptcy)). Section 523(b) provides for re-determination of a debt previously excepted from discharge only if it was found nondischargeable pursuant to § 523(a)(1), (a)(3), or (a)((8).

The Consent Judgment determined that the debt is nondischargeable under § 523(a)(4) and (a)(6). Therefore, the exception in § 523(b) does not apply, and the Defendant is not entitled to a re-determination of dischargeability. The Consent Judgment is *res judicata* with respect to both the amount of the award and its dischargeability.

In its Answer [Doc. # 6] (the "Answer"), Defendant argues "that assertions made as an inducement to the entering into of a Consent Order in the principal amount of Three Hundred Thousand Dollars ($300,000.00) to the Defendant were misstated and that the Debtor is informed, believes and does therefore allege that the Plaintiff did not settle a Three Hundred Thousand Dollar ($300,000.00) debt by payment of the sum of Three Hundred Thousand Dollars

($300,000.00) indeed the Debtor/ (sic) did not settle her Three Hundred Thousand Dollar ($300,000.00) by payment of any sum whatsoever . . . ."  Answer, ¶ 17.  "The debtor's misinterpretation or lack of understanding of the terms of the movants' proposed order in the prior adversary proceeding, while regrettable, is neither a defense nor an excuse to the validity of the order and furnishes no justification for this Court to vacate it." In re Smith, 401 B.R. 733, 737 (Bankr. D. Md. 2008) (citing Grausz v. Sampson (In re Grausz), 302 B.R. 820, 826 (D.Md.2002).  Therefore, Defendant's assertion does not affect the validity of the Consent Judgment and does not raise any genuine issue of material fact which would prevent an entry of summary judgment in this case.

## Conclusion

For the reasons set forth herein, Summary Judgment will be entered in favor of the Plaintiff.  The Consent Judgment entered by this Court in the Previous Adversary Proceeding is binding on this Court and the Parties and so the amounts due to the Plaintiff from the Defendant under the Consent Judgment are nondischargeable pursuant to 11 U.S.C. § 523(a)(4) and (a)(6).

[End of Document]